UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NADIN JOSE CURIEL-GOMEZ

v.                                          Case Nos. 8:17-cv-595 T-24 AEP
                                                      8:13-cr-89 T-24 AEP

UNITED STATES OF AMERICA
_____/

## **ORDER**

This cause comes before the Court on Petitioner Nadin Jose Curiel-Gomez's motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, as well as a supporting

memorandum. (Civ. Docs. 1, 2). The Government filed a response in opposition, and Petitioner

filed a reply. (Civ. Docs. 5, 6). Upon review, the Court denies Petitioner's § 2255 motion.

### I.      **Background**

On September 30, 2014, Petitioner pleaded guilty, pursuant to a plea agreement, to one

count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while

on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§

70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Crim. Docs 28, 33). The plea

agreement states that this offense requires a mandatory minimum term of imprisonment of ten

years. (Crim. Doc. 33, pp. 1–2). Pursuant to the plea agreement, Petitioner agreed to "cooperate

fully with the United States in the investigation and prosecution of other persons." (Crim Doc.

33, pp. 4–5). If this cooperation was completed prior to sentencing, the Government agreed "*to*

*consider* whether such cooperation qualifies as 'substantial assistance' in accordance with the

policy of the United States Attorney for the Middle District of Florida, warranting the filing of a

motion at the time of sentencing recommending (1) a downward departure from the applicable

guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both." (Crim Doc. 33, p. 5) (emphasis added). The plea agreement further states that Petitioner "understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise." (Crim. Doc. 33, p. 5).

During his change of plea hearing, the Magistrate Judge thoroughly reviewed the provisions in Petitioner's plea agreement regarding a potential §5K1.1 motion. (Crim. Doc. 52, pp.18–20). Petitioner acknowledged that he understood these terms in his plea agreement. (Crim. Doc. 52, pp. 18–20). Petitioner further stated that he was satisfied with the advice and representation he received from his counsel (Crim. Doc. 52, p. 11), and understood he faced a mandatory-minimum term of imprisonment of ten years (Crim. Doc. 52, pp. 23–24).

The Magistrate Judge also asked Petitioner whether his attorney had discussed the Sentencing Guidelines with him. (Crim. Doc. 52, p. 25). Specifically, the Magistrate Judge stressed that no one—including Petitioner's attorney—could predict with any certainty what Petitioner's advisory guideline range would be; Petitioner said that he understood (Crim. Doc. 52, pp. 25–26). The Magistrate Judge explicitly stated that if Petitioner had attempted to estimate a guideline range and that estimate was proven wrong, Petitioner could not later complain and ask to withdraw from his plea; Petitioner said that he understood. (Crim. Doc. 52, pp. 26–27). Finally, the Magistrate Judge clearly explained that the Sentencing Guidelines are advisory and not binding on the Court; Petitioner said that he understood. (Crim. Doc. 52, p. 27).

On January 8, 2015, the Court sentenced Petitioner to 120 months' imprisonment, the statutory mandatory minimum, and five years' supervised release. (Crim. Doc. 40). There was considerable discussion at sentencing that while Petitioner cooperated with the Government, the Government had already received the provided information and therefore a §5K1.1 motion was not filed. (Crim. Doc. 47, p. 9–11, 14–16).

Petitioner's appeal was dismissed pursuant to the waiver in his plea agreement. (Crim. Doc. 55). On March 13, 2017, Petitioner filed the instant, timely §2255 motion. (Civ. Doc. 1).

II.    Discussion

Petitioner raises four grounds for relief in his § 2255 motion. In Ground One, Petitioner argues that the Government breached the plea agreement by failing to file a USSG §5K1.1 motion. In Grounds Two and Four, Petitioner argues that his counsel was ineffective by conceding to a sentence at the statutory mandatory minimum and by failing argue for a minor-role reduction. In Ground Three, Petitioner contends that his guilty plea was not knowing and voluntary. For the reasons that follow, Petitioner's arguments are refuted by his sworn statements or are otherwise without merit.

A.  Ground One: Breach of Plea Agreement

Petitioner first argues that the Government breached the plea agreement by failing to file a §5K1.1 substantial assistance motion. The Government's decision to make or withhold a §5K1.1 motion under the United States Sentencing Guidelines or a Rule 35(b) motion under the Federal Rules of Criminal Procedure is discretionary. This Court does not have the authority to review a prosecutor's refusal to file a motion for substantial assistance unless the Defendant makes a substantial showing that the prosecutor had an unconstitutional motive for refusing to

file the motion. *See United States v. Forney*, 9 F.3d 1492, 1502–03 (11th Cir.1993) (citing *Wade v. United States*, 504 U.S. 181, 184–85(1992)). Petitioner has made no such showing.

Moreover, the plea agreement itself does not contain any assurances or promises that the Government would file a §5K1.1 motion. (*See* Crim. Doc. 33). Instead, the signed plea agreement is clear that the Government would "agree to consider" filing such a motion, that the decision to file such a motion was a possibility left to the sole discretion of the Government, and that Petitioner could not challenge the Government's decision whether by appeal, collateral attack, or otherwise. (Crim. Doc. 33, p. 4–5). After the Magistrate Judge went over this part of the plea agreement with Petitioner at his change of plea hearing, Petitioner indicated that he understood and had no questions. (*See* Crim. Doc. 52, p. 18–20). At sentencing, counsel for the Government indicated that while Petitioner did cooperate, his cooperation was insufficient to warrant a § 5K1.1 motion. (Crim. Doc. 47, p. 9–11, 14–16). Accordingly, it is clear that the Government fulfilled its obligations under the plea agreement, and Petitioner is not entitled to relief under Ground One of his § 2255 motion.

### B. Grounds Two and Four: Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *See id.*

To succeed on an ineffective-assistance-of-counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The reasonableness of an attorney's performance must be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *See id*. at 690. The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered a sound trial strategy." *Id*. at 689 (citation and internal quotation marks omitted).

Simply showing that counsel erred is insufficient. *See id*. at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. *See id*. at 692. Therefore, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *See id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

## I.     Ground Two: Ineffective Assistance of Counsel for Conceding to Mandatory Minimum Sentence

Petitioner argues that his counsel was ineffective because he conceded to a 120-month statutory mandatory sentence despite the safety valve provision of USSG §5C1.2. However, the safety valve provision allows a sentence below the mandatory minimum only if the defendant is charged with an offense under 21 U.S.C. §§ 841, 844, 846, 960, or 963. *See* USSG §5C1.2(a). Because Petitioner was charged with violating 46 U.S.C. §§ 70503(a) and 70506(a)–(b), the safety valve did not apply.[1] Petitioner's counsel was not ineffective for failing to argue for relief to which Petitioner was not entitled.

---

[1] While the Title 46 offenses for which Petitioner was charged reference the penalty provisions of 21 U.S.C. § 960, this does not entitle Petitioner to relief as the safety valve applies to "offenses under" section 960—not "offenses penalized under" section 960. *See United States v. Pertuz-Pertuz*, 679 F.3d 1327, 1329 (11th Cir. 2012).

In his reply, Petitioner appears to concede that he was not entitled to safety valve relief. Instead, he argues that his Fifth Amendment right to equal protection was violated due to the unavailability of such relief for the Title 46 offenses for which he was charged. But Petitioner does not allege that the safety valve provision singles out a suspect class or impinges on a fundamental right, and his argument that that there is no rational basis for the limited application of the safety valve provision is wholly without merit. Accordingly, Petitioner is not entitled to relief under Ground Two of his § 2255 motion.

## II.     Ground Four: Ineffective Assistance of Counsel for Failure to Argue for Minor-Role Reduction

Petitioner asserts that his counsel provided ineffective assistance by failing to argue at sentencing that Petitioner was entitled to a minor-role reduction pursuant to USSG §3B1.2(b). While Petitioner is correct that his counsel did not argue for a minor-role reduction, he ignores the fact that a minor-role reduction would not have reduced his sentence below the mandatory minimum. *See United States v. Castaing–Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008) ("It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)."). Thus, Petitioner's counsel was not ineffective for failing to argue for a minor-role reduction which would not have had the effect of reducing Petitioner's sentence. In any event, Petitioner fails to develop this argument as he fails to argue why he was less culpable than other participants.  Accordingly, Petitioner is not entitled to relief under Ground Four of his § 2255 motion.

### C. Ground III: Involuntary Plea

Petitioner argues that his counsel misrepresented his sentencing exposure by assuring Petitioner that the Government would make a §5K1.1 substantial assistance motion, allowing a sentence below the mandatory minimum, if Petitioner accepted the Government's plea agreement. Because of this, Petitioner contends that his plea was not knowing and voluntary and must, therefore, be vacated.

But as discussed above, the Magistrate Judge at Petitioner's change of plea hearing thoroughly discussed with Petitioner that the decision as to whether to file a §5K1.1 motion was left solely to the discretion of the Government and there was no guarantee one would be filed. (Crim. Doc. 52, pp. 18–20). Petitioner confirmed he understood. (Crim. Doc. 52, p. 20). Moreover, the Magistrate Judge stressed: (1) that no one—including Petitioner's attorney—could predict with any certainty what Petitioner's advisory guideline range would be; (2) that if Petitioner had attempted to estimate a guideline range and that estimate was proven wrong, Petitioner could not later complain and ask to withdraw from his plea; and (3) that the Sentencing Guidelines are advisory and not binding on the Court. (Crim. Doc. 33, pp. 25–27). In each instance, Petitioner said he understood. (Crim. Doc. 33, pp. 25–27).

"There is a strong presumption that statements made during the plea colloquy are true," and Petitioner "bears a heavy burden to show that his statements under oath were false." *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam) (citation omitted). Petitioner has not meet this heavy burden, and the record negates his claim that his plea was not willing and

voluntary. Accordingly, Petitioner is not entitled to relief under Ground Three of his § 2255 motion.[2]

### D.  Request for Evidentiary Hearing

Petitioner requests an evidentiary hearing on his § 2255 motion. He is not entitled to an evidentiary hearing, nor is there any need for one in this case. Petitioner bears the burden of establishing the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "That means that if a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Id*. Here, the allegations in Petitioner's § 2255 motion lack merit, and he is not entitled to an evidentiary hearing.

### III.    Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

---

[2] Furthermore, Petitioner waived any challenge to his guilty plea by failing to object within 14 days to the Magistrate Judge's Report and Recommendation that the Court accept Petitioner's guilty plea. *See* Fed. R. Crim. P. 59(b)(2).

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of July, 2017.

_____
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Petitioner